UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LUCILLE IACOVELLI, ) <br> ) <br> Defendant. ) | No. 1:09-cv-386-SEB-JMS |

**Entry Discussing Request for Recusal**

**I.**

The portion of the defendant's letter of April 14, 2009, in which she sought either a continuance of the hearing set for April 17, 2009, or the participation by telephone of her associate, Mr. Bergeron, in her place during that hearing has been considered. Those requests have been rejected.

**The hearing set for April 17, 2009, remains set.** *The defendant continues to be obligated to appear in person at the hearing, whether represented by counsel or not.*

**II.**

The defendant's letter of April 14, 2009, can also be understood as seeking the recusal of the undersigned. It will be referred to in this Entry as the recusal motion. There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). The request for recusal, such as it is, has been fully considered.

> "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a).¹ The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *In re Murchison,* 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness."); *Bracy v. Schomig,* 286 F.3d 406, 418 (7th Cir. 2002)("[A] 'fair trial in a fair tribunal' . . . means [a defendant's] right to a judge who takes seriously his responsibility to conduct fair proceedings, a judge who looks out for the rights of even the most undeserving defendants.").

"[I]n reviewing a recusal motion, a court must proceed by 'examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *United States v. Muyet,* 994 F.Supp. 550, 554 (S.D.N.Y. Mar. 4, 1998)(quoting 28 U.S.C. § 455(a)). Four circumstances are recited in support of the defendant's request for recusal. After careful review, it is clear that none of these circumstances supports the action defendant seeks.

- The defendant attacks the court's rulings in this action as legally incorrect. Legally incorrect rulings are proper grounds for appeal, not for recusal. *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."). Rather, a judge's bias must "arise from an extrajudicial source." *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001).

- The defendant asserts that the assigned district judge is biased against her. This assertion rests on the fallacy that the rulings herein indicate or reveal such a bias. The Supreme Court pointed out in *Liteky v. United States*, 510 U.S. 540, 555 (1994), judicial rulings alone "almost never constitute [a] valid basis for a bias or partiality motion." As noted above, however, adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions.").

---

¹Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. *See Hamm v. Bd. of Regents,* 708 F.2d 647, 651 (11th Cir. 1983). Section 144 relates only to charges of actual bias. *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir. 1990). Under § 455, a judge must *sua sponte* recuse herself if she knows of facts that would undermine the appearance of impartiality. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994). There is in this case no affidavit sufficient under § 144, nor could there be, because the *pro se* defendant is without the means of satisfying the "certificate of counsel" requirement and is thus unable to seek disqualification under § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D.Ind. 1996). Her request for recusal is therefore treated as being made pursuant to 28 U.S.C. § 455(a), although in fact the standards for the two statutes are the same. *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985) ("[W]e shall view judicial interpretations of 'personal bias or prejudice' under § 144 as equally applicable to § 455(b)(1).").

- The defendant also notes in support of her request for recusal that counsel of record for the plaintiff is also counsel of record for other litigants in other cases pending in this District and assigned to the undersigned. This court, however, has many matters assigned to its civil docket, both in terms of the number of cases and the demand for judicial interventions in those cases. Further, attorneys typically represent many clients in litigation. Far from being a factor from which the appearance of bias could be inferred, the appearance of counsel for the plaintiff as counsel for other litigants in this District in other cases assigned to the docket of the undersigned is routine and unexceptional in any sense.

- This leaves for consideration the question of whether recusal is warranted based on what the defendant has described as the judge's membership on the Board of Directors of an entity with which the plaintiff and/or his business are somehow associated. This might at first glance seem to constitute an extra-judicial connection between the plaintiff's business and the undersigned, but it is *inaccurate* factually and, even if it were accurate, the connection is so attenuated as to be inconsequential. A reasonable person, for the purpose of making a determination pursuant to § 455(b)(1), must necessarily be a well-informed person, *United States v. Evans,* 262 F.Supp.2d 1292, 1294 (D.Utah 2003)("In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'") (footnote and citation omitted), and the defendant here falls short of being either well-informed or correctly-informed as to these matters. Instead, a reasonable and well-informed person would have discovered that the Clarian Hospital's Board of which the undersigned is a member is not the same board of the entities with which the plaintiff and his business allegedly have some business relationship. There is no shared or common interest between the plaintiff and the Board on which the undersigned judge serves as a member. Thus, an objectively reasonable person would not find from these facts a basis for recusal of the undersigned.

Under § 455(a), the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re International Business Machines Corp.,* 45 F.3d 641, 644 (2d Cir. 1995). To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. The defendant has not presented or alleged any facts suggestive of bias in any form. She relates simply her frustration with the rulings with which she disagrees. She does so through her opinion and conclusions that these decisions evidence a bias against her. Such an allegation does not support the request she makes. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party--even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994).

"[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar,* 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)(*quoting Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir. 1986)). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." *Id.*

    Although this court is sufficiently occupied by cases in which disqualification is not sought, it will not and should not take flight from its responsibility to hear and decide the matters assigned to its docket on the basis of empty and meritless filings such as those presented here by the defendant. As stated in *New York City Housing Development Corporation v. Hart,* 796 F.2d 976, 980-81 (7th Cir. 1986):

> A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n.2 (7th Cir. 1985), a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *See also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

The disqualification of a judge is a serious matter and must not be based on conjecture or mere opinion of a party or of parties. A reasonable question concerning this judge's impartiality, however, simply is not raised by the defendant's filing of April 14, 2009, or elsewhere. There is no close call to make in this case. The mere filing of a motion to recuse does not require disqualification, and the defendant offers nothing of substance beyond her mere request.[2]

    The request for a change of judge thus fails under § 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of § 455(b).

    **IT IS SO ORDERED.**

Date: 04/16/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] The defendant's suggestion that she and her associates will sue the undersigned, as well as others, because of the rulings in this case does not form the legitimate basis for recusal of the undersigned. Parties are not permitted to make outrageous statements against a judge and then use their own statements as a basis for recusal. *F.D.I.C. v. Sweeney,* 136 F.3d 216, 219-20 (1st Cir. 1998); 13A Charles Alan Wright, et al., Federal Practice and Procedure § 3542 at 577-78 (2d ed. 1984). A party cannot force recusal merely by filing a complaint or a lawsuit against a judge. See *United States v. Martin-Trigona,* 759 F.2d 1017, 1020-21 (2d Cir. 1985); *In re Winslow,* 107 B.R. 752, 753 (D.Colo. 1989) (finding that a party's filing of a complaint with Judicial Counsel against a judge is not grounds for disqualifying the judge from further hearing matters involving the filing parties).

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644