**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) | No. 1:09-cv-386-SEB-JMS |
| LUCILLE IACOVELLI, | ) ) ) | |
| Defendant. | ) ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The defendant's request to proceed *in forma pauperis* (dkt 41) is **denied,** because the defendant has not been ordered to pay any fees or costs which this court could waive. This does not constitute any determination concerning the defendant's financial resources or situation, but rests on the fact that the defendant has not incurred, and does not currently owe, any court imposed fees.

2. Consistent with the discussions in paragraphs 3 and 4 of the Entry of April 15, 2009, the defendant's motion for continuance (dkt 43) of the hearing set for April 17, 2009, is again **denied.**

3. The defendant's motion for an order to show cause appears to include a request for sanctions pursuant to Rule 11 of the *Federal Rules of Civil Procedure* as well as a counterclaim against the plaintiff and the law firm representing the plaintiff. Insofar as the motion for an order to show cause rests on Rule 11, the motion violates the Rule's requirement that such a motion be preceded by notice to the opposing party and a 21-day opportunity to cure the allegedly improper pleading. Insofar as the motion for an order to show cause rests on the theories asserted in the defendant's counterclaim and third-party complaint, an order to show cause is not a procedurally appropriate means by which to develop or resolve such claims, and the counterclaim and third-party defendants have been given until a specific date in the future in which to file an answer or other responsive pleading to the counterclaim and the third party complaint. For these reasons, therefore, the defendant's motion for an order to show cause (dkt 43) is **denied.**

4.  The defendant previously filed a document which the court treated as her request for the undersigned's recusal. The medley of new motions filed by the defendant on April 16, 2009, contains an explicit request for recusal. Although more formal in certain respects, the motion for recusal (dkt 43) filed on April 16, 2009, raises no significant additional grounds for recusal than those previously ruled upon and denied. The April 16, 2009, request for recusal is, therefore, also **denied** for the reasons explained in Part II of the Court's Entry issued on April 16, 2009.

5.  The defendant has filed a motion to stay.

    a.  The defendant seeks a stay until the orders and rulings so far made by the Court can be reviewed on appeal. Up to the present, however, no rulings made in the case permit an immediate (interlocutory) appeal.[1] To stay the case would prevent it from leading to a final judgment, and, with no appellate review available, the result would be the indefinite suspension of the case. That would not serve the interests of the parties in resolving the claims which have been presented, would not serve the interests of the court in the proper management of its docket, would not serve the interests of the parties to other litigation who depend on the sound management of the docket so that they too can have their day in court, and would not serve the interests of justice.

    b.  To stay the case would be to cause the status quo to remain in effect. If the Temporary Restraining Order currently in effect remains in effect without the consent of the parties, it will be "deemed a preliminary injunction." *Chicago United Industries, Ltd., v. City of Chicago,* 445 F.3d 940, 943 (7th Cir. 2006).

    c.  All of the procedural issues raised by the defendant have, at this point, been addressed by the Court. She has had notice and is fully informed of the hearings set by the Court and of the matters which the Court expects to address. She has filed an answer to the Complaint. The request for a stay (dkt 43) is **denied.**

**IT IS SO ORDERED.**

Date: 04/17/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] The denial of a motion to recuse, which has now occurred twice in the same week, is not an appealable order. *United States v. Balistrieri,* 779 F.2d 1191, 1204-05 (7th Cir. 1985). It is true that the denial of the defendant's requests for recusal of the assigned Article III judge is reviewable through an action for mandamus. *United States v. Horton*, 98 F.3d 313, 316 (7th Cir. 1996)("the denial of a request that the judge recuse himself under section 455(a) must be appealed immediately by application for writ of mandamus, or it is waived"); *United States v. Sidener,* 876 F.2d 1334, 1336 (7th Cir. 1989).

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644