UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-386-SEB-JMS |
| ) | |
| LUCILLE IACOVELLI, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Motion to Appear Telephonically**

Richard Bergeron faces the prospect of being found in contempt of this Court's orders and sanctioned. A hearing on that matter is set for February 16, 2010. Mr. Bergeron has been notified of that hearing and of his opportunity to attend and offer argument concerning the matter being considered.

Although not a named party, Mr. Bergeron is within the reach of those bound by the Preliminary Injunction issued on April 17, 2009. His filing of January 19, 2010, confirms that he is aware of that injunction. In fact, he states at various points in his declaration that he has acted in a manner prohibited by the Preliminary Injunction.[1] Nonetheless, due process requires that he, as a potential contemnor, be given notice and an opportunity to be heard at a hearing before the court. The hearing set for February 16, 2010, is Mr. Bergeron's opportunity to be heard.

Mr. Bergeron has acknowledged his awareness of the hearing of February 16, 2010, through the filing of his motion to appear telephonically. That motion recites that Mr. Bergeron "cannot afford to travel to Indianapolis for this hearing," but offers no specifics

---

[1] Mr. Bergeron's Declaration recites, in part:

4. There is no doubt I have repeatedly violated the unconstitutional injunction, regardless of the pending appeal of the enforcement order on the injunction. . . .
. . . .
16. I have disobeyed this Court's orders, and I will continue to do so in the hopes of being illegally sanctioned so I can bring my own legal action in Massachusetts against Dr. Eppley, Judge Barker, Lewis & Kappes, and every attorney who worked on this case for the plaintiff. . . .
17. I have shown contempt for this Court, Dr. Eppley, Judge Barker, and Lewis & Kappes, but not out of any desire to do evil.

whereby the Court could conclude that to be the case.[2] His motion is not submitted under oath, offers no information concerning his financial situation, and in fact is outweighed in its content with Mr. Bergeron's ostensible plans to file a lawsuit in Massachusetts federal court and his unreasoned critique of a position in this lawsuit attributed to counsel for the plaintiff. Because these latter factors are of no consequence in whether or how Mr. Bergeron appears and participates at the February 16, 2010, hearing, the court affords them no significance in acting on his motion to appear telephonically.

On the basis of the foregoing, the Court finds that Mr. Bergeron has significant interests at stake in participating in the hearing of February 16, 2010, but that he has wholly failed to demonstrate a financial or other inability to attend and participate. The accommodation he seeks, moreover, is particularly ill-suited to the proceeding Mr. Bergeron mentions.[3] The hearing is not a conference or other semi-informal matter, but a hearing at which the presentation of evidence is anticipated, the cross-examination of witnesses is contemplated, and in which the demeanor of participants could be important. The Court's earlier accommodation of a similar request in this case yielded highly unsatisfactory results, which the Court attributes, at least in part, to the equipment on which the parties were connected to the telephone call. On that occasion, it was the defendant who participated telephonically and who was located in Massachusetts.

In short, therefore, Mr. Bergeron's motion appeals to the discretion of the Court in authorizing the accommodation requested, but makes no showing that the Court's discretion should be exercised to do so. The circumstances described above, moreover, show that Mr. Bergeron's personal attendance and participation in the hearing are required in order to most effectively adjudicate questions regarding his possible contempt and appropriate sanctions, if any.

Accordingly, and as presented, Mr. Bergeron's motion to appear telephonically (dkt 147) is **denied**.

**IT IS SO ORDERED.**

Date: 02/10/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2]Mr. Bergeron previously sought leave to proceed *in forma pauperis* in this action. That request was denied on April 13, 2009, and has not been renewed.

[3]His reference to a proceeding in Nevada in which he is involved and in which he "has submitted informa [sic] pauperis paperwork" shows no basis for granting his request in this case.

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351