**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-386-SEB-JMS |
| ) | |
| LUCILLE IACOVELLI, ) | |
| ) | |
| Defendant. ) | |

**E N T R Y**

The Declaration of Rich Bergeron (dkt 141) presents not only a response to the show cause order issued on December 31, 2009, but also asserts that the undersigned is not impartial.[1] Accordingly, the Declaration is treated in part as Mr. Bergeron's request for recusal.

The subject of recusal has been raised, addressed, reviewed and acted on definitively by this Court.[2] The subject was also presented through a mandamus action to the Court of Appeals. The mandamus action was dismissed, *see In re Lucille Iacovelli*, 09-2642 (7th Cir. August 14, 2009), as was a tangentially related complaint of judicial misconduct. To the extent Bergeron's statements on the subject represent a repetition of matters already considered, they are unpersuasive.[3] To the extent Bergeron's statements

---

[1]Bergeron questions the undersigned's impartiality in paragraphs 10 and 83-86 of his Declaration.

[2]This subject was addressed in paragraph 4 of the Entry issued on April 17, 2009, in Part II the Entry of April 16, 2009, in the Entry of April 28, 2009, in the court's verified response of July 30, 2009.

[3] As the undersigned explained in the July 30, 2009 response to the limited remand issued by the Court of Appeals:

> The objective standard which is applicable to matters considered under [28 U.S.C.] § 455(a) does not embrace any of the circumstances present here. "An objective standard is essential when the question is how things appear to the

on the subject are based on his disagreement with the Court's rulings in this case, his statements are insufficient as a matter of law to support recusal. In either event, any portion of his Declaration which can be understood as a request for the recusal of the undersigned is **denied.**[4]

The hearing of February 16, 2010, involving Mr. Bergeron **remains set.**

**IT IS SO ORDERED.**

Date: 02/11/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

---

well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996). Ms. Iacovelli's concerns in her motions for recusal and in the mandamus petition itself reflect the concerns of the hypersensitive, unduly suspicious, and incorrectly informed. Indeed, Ms. Iacovelli's efforts appear focused on derailing the litigation in the District Court in Cause No. 1:09-cv-386-SEB-JMS and on avoiding future rulings. *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (motions for disqualification are sometimes filed improperly out of fear that "the judge will *apply* rather than disregard the law"). A party cannot reasonably expect to participate in litigation on its own terms, rather than on the court's rulings. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.") (*citing GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993)(internal quotations omitted)).

[4]Additionally, Mr. Bergeron's threat to file a lawsuit against the undersigned is **rejected** as a basis either supporting or requiring the recusal of the undersigned. *See Ronwin v. State Bar of Arizona,* 686 F.2d 692, 701 (9th Cir. 1981) ("'A judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed."), quoting *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977), and *rev'd on merits, Hoover v. Ronwin,* 466 U.S. 558 (1984); *Jones v. City of Buffalo,* 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . . . [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this").

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351