UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DR. BARRY EPPLEY, MD, DMD,       )
                                 )
                    Plaintiff,   )
        vs.                      )    No. 1:09-cv-386-SEB-JMS
                                 )
LUCILLE IACOVELLI,               )
                                 )
                    Defendant.   )

**Entry Directing Treatment of Documents
and Directing Further Proceedings**

Mr. Bergeron has caused certain materials to be filed with the clerk of this court on March 4, 2010, these being an application to proceed *in forma pauperis,* an application for a writ of mandamus, and his affidavit in support of such application. His apparent effort in doing so is to initiate an appeal from the court's recent decision finding him in contempt of this court's orders. *Eppley v. Iacovelli,* 2010 WL 724557 (S.D.Ind. Feb. 25, 2010). The filing of such materials in the district court creates the need to address certain questions, which are either addressed or identified in this Entry.[1]

**I.**

**A.**

Mr. Bergeron has been found in contempt of court. The filings of March 4, 2010, evince his desire to obtain review of this finding. Such review is, of course, available in certain circumstances. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76 (1988) ("The right of a nonparty to appeal an adjudication of contempt cannot be questioned. The order finding a nonparty witness in contempt is appealable notwithstanding the absence of a final judgment in the underlying action . . . . Once the right to appeal a civil contempt order is acknowledged, arguments in its legitimate support should not be so confined that the power of the issuing court remains untested." (citations omitted)); *United States v. Johnson,* 736 F.2d 358, 359 n.1 (6th Cir. 1984) ("a judgment of civil contempt against a nonparty is final and appealable").

---

[1] Mr. Bergeron's *motion to supplement record with electronic evidence file* on March 8, 2010, is not addressed in this Entry.

**B.**

The mechanism Mr. Bergeron has apparently attempted to use to obtain the review he seeks is that of mandamus. A mandamus action, however, should not be filed with the district court, but filed as specified in Rule 21(a)(1) of the *Federal Rules of Appellate Procedure*:

> (1) A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes.

It may be that the materials filed by Mr. Bergeron on March 4, 2010, represent nothing more than the copy a mandamus applicant is obligated to provide to the trial court judge. It is also possible, however, that Mr. Bergeron has misconceived the situs for filing such a writ. In this latter event, and noting that "28 U.S.C. § 1631 . . . provides that a district court that finds it lacks jurisdiction over a case shall, if it is in the interests of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed," *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir. 1999), the clerk will be directed to **forward** these materials to the Clerk of the Court of Appeals for the Seventh Circuit with a copy of this Entry.

**II.**

**A.**

Because of the discernible purpose of Bergeron's filings of March 4, 2010, and in order to facilitate the review which is sought, the application for a writ of mandamus and supporting affidavit shall be **treated as a notice of appeal** from the Entry of February 25, 2010. *Wells v. Ryker,* 591 F.3d 562, 564 (7th Cir. 2010)("the Supreme Court has held that courts should liberally construe [Appellate Rule 3(c)] to accept jurisdiction if a party files the 'functional equivalent' of a notice of appeal"; "'the notice afforded by a document . . . determines the document's sufficiency as a notice of appeal'")(citing and quoting *Smith v. Barry,* 502 U.S. 244, 248 (1992)).

**B.**

As noted, Mr. Bergeron's application for a writ of mandamus is accompanied by his request to proceed *in forma pauperis*. If the mandamus application is properly treated as a notice of appeal, the *in forma pauperis* request is properly presented to this court, whereas if the mandamus application is intended to be processed as presented, the *in forma pauperis* request will be acted on by the Court of Appeals. Insofar as the former is considered, the request to proceed on appeal *in forma pauperis* is **denied** because: (1) an appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith, 28 U.S.C. § 1915; *Coppedge v. United States,* 369 U.S. 438 (1962);

(2) "good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard, *id.*; (3) even acknowledging Mr. Bergeron's right to appellate review of a contempt finding as described in Part I.A. of this Entry, the ruling of February 25, 2010, is not appealable because it is premature, *Cleveland Hair Clinic, Inc. v. Puig,* 104 F.3d 123, 125 (7th Cir. 1997),  *further opinion,* 106 F.3d 165, 167 (7th Cir. 1997); *United States v. Torres,* 142 F.3d 962, 968 (7th Cir. 1998); (4) a premature notice of appeal will be dismissed for lack of jurisdiction, *Szabo v. U.S. Marine Corp.,* 819 F.2d 714, 717 (7th Cir. 1987)("[I]f there was no final order when [defendants] filed [their] notice of appeal, the notice was premature, and did not confer appellate jurisdiction.")(citing *United States v. Hansen,* 795 F.2d 35 (7th Cir. 1986)); (5) there is no objectively reasonable argument which Mr. Bergeron could present to argue that the decision of February 25, 2010, is appealable at this time, *i.e.,* before the imposition of sanctions associated with the court's finding of his contempt; and (6) in pursuing an appeal at this time, therefore, Mr. Bergeron "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).[2]

### III.

As noted in Part II.B. of this Entry, Mr. Bergeron has jumped the gun in seeking appellate review of the finding that he is in contempt of court because "an adjudication of civil contempt is not appealable until sanctions have been imposed." *Donovan v. Mazzola,* 761 F.2d 1411, 1417 (9th Cir. 1985). This could not have been made more clear than in the last two sentences of the Entry issued on February 25, 2010:

> The Court will fashion sanctions as necessary after this report is received. This is not a final order, nor is it appealable in any other manner as a non-final order.

However, "[a] notice of appeal deprives the district court of jurisdiction over the issues presented on the appeal." *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)(citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)). "The purpose of this rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process." *Levey v. Sys. Div., Inc., (In re Teknek, LLC),* 563 F.3d 639, 651 (7th Cir. 2009)(citing *Whispering Pines Estates, Inc. v. Flash Island, Inc.,* 369 B.R. 752, 757 (Bkrtcy.App. 1 (N.H.) 2007)). Despite the general rule just cited, "[t]he rule does not operate . . . where there is a purported appeal from a non-appealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982), *cert. denied,* 460 U.S. 1091 (1983)(citing United States v. Garner, 663 F.2d 834, 838 (9th Cir. 1981), and **MOORE'S FEDERAL PRACTICE** ¶ 203.11, at 3-51 (2d ed. 1982)).

---

[2]The *in forma pauperis* ruling is made as an alternative ruling to the possibility that the papers filed by Mr. Bergeron are accepted by the Court of Appeals as an action for mandamus relief. If that eventuates, treatment of the papers as an appeal, including this Court's action on the request to proceed *in forma pauperis*, will likely be disregarded.

The general rule cited above may require that this Court continue to hold under advisement the question of what sanctions to impose on Mr. Bergeron for his contempt. The parties and Mr. Bergeron shall have **through March 23, 2010,** in which to **file statements** pertaining to this question.[3]

**IT IS SO ORDERED.**

Date: 03/11/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351

---

[3] The papers described in this Entry as having been filed by Mr. Bergeron bear a certificate of service, but do not indicate that a copy of any was served on the defendant, Lucille Iacovelli. Any further filing by him in this court should include a statement showing when and how service of the document(s) was made on Ms. Iacovelli, just as it should *not* be served separately or by email on this Court's room clerk.

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**