**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

DR. BARRY EPPLEY, MD, DMD,    )
        )
    Plaintiff,    )
  vs.    )    No. 1:09-cv-386-SEB-JMS
        )
LUCILLE IACOVELLI,    )
        )
    Defendant.    )

**Entry and Notice**

**I.**

The Court is once again compelled to address materials sent to its staff by e-mail. In its entries of April 9, 2009, and June 18, 2009, the Court informed the parties that attempts by the parties or those intending to act on behalf of the parties to communicate with the court or its staff by e-mail were inappropriate, legally insufficient, and in violation of the *Federal Rules of Civil Procedure*.[1] The parties are **reminded** that all materials intended for filing must be presented in accord with Rule 5 and with Local Rule 5.1 in order for those materials to be filed.[2] **Richard Bergeron**, who is not a party but who has embroiled himself in the litigation through his violations of the Court's Preliminary Injunction, is likewise bound by these directions and the cited rules.

---

[1]Rule 5(e) of the *Federal Rules of Civil Procedure* provides that the filing of pleadings and other papers with the court shall be made by filing them with the clerk of court. "[P]apers and pleadings . . . are considered filed when they are placed in possession of the clerk . . . which simply means delivery to the appropriate office at the courthouse."*Cintron v. Union Pac. R. Co.,* 813 F.2d 917, 920 (9th Cir. 1987)(quoting C. Wright & A. Miller, **FEDERAL PRACTICE AND PROCEDURE** § 1153 (1969)).

[2]A judge may permit papers to be filed directly with the judge, in which case the judge records the filing date and transmits the papers to the clerk of court for filing. **FED.R.CIV.P.** 5(e). The permissive "may" in Federal Rule of Civil Procedure 5(e), however, means that a judge is under no obligation to permit filing in this manner. *See Int'l Bus. Mach. Corp. v. Edelstein*, 526 F.2d 37,46 (2d Cir.1975); *Fl. State Bd. of Admin. v. Law Eng' g & Envtl. Servs., Inc.,* 262 F.Supp.2d 1004, 1009 (D.Minn. 2003)("may" is permissive). The prior rulings in this case make clear that no filing in this manner has been or will be permitted.

Any communication or attempted communication not in conformity with the above directions will **not be filed** with the clerk or otherwise considered by the Court. Those communications or attempted communications will, to the extent feasible, be returned to the sender(s) with a copy of this Entry.

## II.

Efforts to circumvent the filing rules reviewed and repeated in Part I of this Entry have been persistent, egregious, and disruptive to the proper administration of this litigation.

The parties, their counsel, and others, including Mr. Bergeron, and those acting on their behalf, shall **not** attempt to contact members of the Court's staff or that of the Clerk by email or by fax, and shall confine their actions in filing or tendering materials for filing to the directions heretofore issued and those reviewed and repeated in Part I of this Entry.

Any violation of the foregoing will constitute contempt of court and will be dealt with accordingly.

**IT IS SO ORDERED.**


Date:  03/12/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
gprice@lewis-kappes.com

Todd Arthur Richardson
trichardson@lewis-kappes.com

Joseph Peter Rompala
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351