**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-386-SEB-DML |
| ) | |
| LUCILLE IACOVELLI, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Motion to Vacate Preliminary Injunction**

A district court has the authority, in appropriate circumstances, to issue a preliminary injunction. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)(explaining that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion"). This is a case in which such an injunction was determined to be warranted. *Eppley v. Iacovelli*, 2009 WL 1035265 (S.D.Ind. April 17, 2009). The preliminary injunction ordered defendant Lucille Iacovelli and those acting in concert with her to remove certain internet postings and to cease future postings or similar conduct damaging and disparaging the professional performance of the plaintiff, Dr. Barry Eppley. Ms. Iacovelli has now filed a motion to vacate the preliminary injunction.[1,2]

There is no dispute that a court has the authority to modify a preliminary injunction. "When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *Favia v. Indiana University of Pennsylvania,* 7 F.3d 332, 340 (3d Cir. 1993) (quoting *Sierra Club v. Army Corps of Eng'rs,* 732 F.2d 253, 256 (2d Cir. 1984)). "The court is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Canal Authority of State of Fla. v. Callaway,* 489 F.2d 567, 578 (5th Cir. 1974). However, "[t]he motion [to modify an injunction] does not force the trial judge to permit relitigation of his original determination" that the injunction should issue. *Merrell-National Laboratories, Inc. v. Zenith Laboratories, Inc.,* 579 F.2d 786, 791 (3d Cir. 1978).

---

[1] Recent filings in this case indicate that Ms. Iacovelli may recently have died. No formal suggestion of death as provided for in Rule 25(a) has been filed. Until such notice has been filed, or until the court is presented with authoritative substantiation to that effect, we shall proceed on the basis of the papers before us.

Ms. Iacovelli seeks to have the preliminary injunction vacated on the basis of arguments she could have presented in opposition to the court's consideration of the matter in the first instance. She does not identify any recent change in circumstances which warrants modification of the preliminary injunction. On the contrary, events since the preliminary injunction issued establish beyond any question that it was necessary and that, despite the preliminary injunction, Ms. Iacovelli and those acting in concert with her have continued to act in violation of its mandates. Such obduracy reinforces the Court's decisions, including the issuance, the scope, the modifications, and the enforcement of the preliminary injunction.

The Court has also analyzed the motion to vacate as a motion to reconsider the issuance of the preliminary injunction.

Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a court generally will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented," or has "made an error not of reasoning, but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales,* 906 F.2d 1185, 1191 (7th Cir. 1990). Again, there has been no showing that a change is warranted based on either the facts or the law such that the preliminary injunction is now properly viewable as unnecessary or unjust. What has occurred, apart from proceedings to enforce the injunction, is that Ms. Iacovelli twice attempted an appeal from the issuance of the injunction or a modification of it, each of which sputtered and generated a dismissal on procedural grounds. To treat her request as a motion to reconsider, and to grant that motion, would reward prior disregard of the proceedings leading up to the preliminary injunction and thereafter. Such relief is not warranted.

Whether as a motion to vacate or as a motion to reconsider, therefore, Ms. Iacovelli's motion to vacate (dkt 139) must be and is therefore **denied.**[3]

**IT IS SO ORDERED.**

Date:  08/17/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] Richard Bergeron, who is bound by terms of the preliminary injunction, has also been found in contempt for his violation(s) of its provisions. Although he did not join in Iacovelli's motion to vacate addressed in this Entry, and is not a party to the litigation, he shall be provided with a copy of this Entry by the Clerk of Court.

Distribution:

Gary P. Price
gprice@lewis-kappes.com

Todd Arthur Richardson
trichardson@lewis-kappes.com

Joseph Peter Rompala
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351