**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-386-SEB-DML |
| ) | |
| LUCILLE IACOVELLI, ) | |
| ) | |
| Defendant. ) | |

### Amended Order Imposing Sanctions on
### Richard Bergeron for his Contempt of Court[1]

#### I. Background

The Court, having previously concluded that Richard Bergeron was among those whose conduct was governed by the Preliminary Injunction issued on April 17, 2009, having issued a rule to Mr. Bergeron directing him to show cause why he should not be held in contempt of court for violating the Preliminary Injunction, having given Mr. Bergeron notice of the hearing on such matter, having conducted a hearing and issued certain findings based thereon, having found Mr. Bergeron in indirect contempt of court, having taken the question of sanctions under advisement, having been apprised of the internet sites still involved in Mr. Bergeron's continued contempt, and being duly advised, now issues the Order imposing sanctions.

Mr. Bergeron's violations of the Preliminary Injunction have been deliberate, chronic, and prejudicial to the orderly development and resolution of the action. This conduct should not be tolerated and will not be tolerated. (As explained in the Court's Entry of February 25, 2010, "[h]is violations do not partake of the character of the careless or inattentive, but of a person whose knowing, deliberate, repetitive, and wilful disobedience of the Court's orders demonstrates his disrespect for the Court's authority and orders. His disobedience is particularly troublesome because of his defiance.")

---

[1] This Amended Order is issued because of the plaintiff's filing of August 18, 2010. This Amended Order amends the Order of August 18, 2010 (dkt 204).

## II.  Sanctions

The sanctions Mr. Bergeron faces will be both coercive and compensatory.

Each feature of these sanctions is linked to the internet postings which violate the preliminary injunction and for which Mr. Bergeron is responsible. The parties and Mr. Bergeron were given the opportunity to, and were directed to, identify the internet websites and postings attributable to Mr. Bergeron that are currently extant. The plaintiff responded as directed. The plaintiff filed a supplemental report on August 18, 2010, identifying additional existing websites attributable to Mr. Bergeron.  The defendant did not respond.  Mr. Bergeron responded with a filing, but the content of that filing was not responsive to the directions. Despite Mr. Bergeron's non-responsive filing, however, the Court now has sufficient information on which to make its rulings.

Based on the materials before it, the Court finds that the following websites are maintained by or attributable to Mr. Bergeron and remain accessible in violation of the Court's orders:

> http://unlimitedfightnews.com/wordpress/?p=5938
>
> http://unlimitedfightnews.com/wordpress/?p=2969
>
> http://unlimitedfightnews.com/wordpress/?p=2930
>
> www.myspace.com/suckssitedotcom
>
> www.myspace.com/judgegod
>
> www.myspace.com/515704809
>
> www.myspace.com/518014965
>
> www.scarletlawyer.com
>
> www.judgegod.com

For his violations of the Preliminary Injunction and contempt of this Court's orders, Mr. Bergeron shall pay a fine of $30.00 each day, **commencing August 26, 2010,** until he has purged himself of his contempt.

Mr. Bergeron shall pay this fine to the Clerk of Court, Room 105, 46 East Ohio Street, Indianapolis, Indiana 46204, not less frequently than every two weeks, **commencing September 9, 2010**. The fine may be paid in cash or by money order.

The compensatory portion of the sanctions imposed on Mr. Bergeron for his contempt shall consist of the responsibility to reimburse the plaintiff (or others) who incur expense in causing the websites listed above to be taken down or blocked. Application for such reimbursement may be made through a filing in this lawsuit.

### III.  Further Proceedings

The daily fine is coercive and will remain in effect until the Court determines that he has purged himself of his contempt. At whatever point Mr. Bergeron contends that his contempt has been purged, he may so notify the Court in writing. Upon being so notified, the Court will take or schedule whatever further action is warranted.

Mr. Bergeron shall be purged of his contempt when the Court determines that the websites identified in Part II of this Entry have been removed (and stay removed).

This Order may be modified in the future as circumstances warrant in order to effectuate its purposes.

**IT IS SO ORDERED.**


Date:  08/20/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
gprice@lewis-kappes.com

Todd Arthur Richardson
trichardson@lewis-kappes.com

Joseph Peter Rompala
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

Rich Bergeron
141 Green Street
Abington, MA 02351

Financial Deputy Clerk