IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, )<br><br>Plaintiff, )<br><br>v. )<br><br>LUCILLE IACOVELLI, )<br><br>Defendant. ) | Cause No. 1:09-cv-386-SEB-DML |

**VERIFIED PETITION FOR AWARD OF
DAMAGES, FEES AND EXPENSES**

Dr. Barry Eppley, MD, DMD, by counsel, submits this Verified Petition pursuant to the August 17, 2010 Entry Discussing Plaintiff's Motion for Summary Judgment (Docket No. 205). In that Entry, the Court granted Dr. Eppley's motion for summary judgment but reserved ruling on the relief available on final judgment. As directed in the Entry, a proposed form of permanent injunction is submitted herewith in a separate filing. Also filed herewith is a Suggestion of Death, pursuant to Fed. R. Civ. P. 25(a), advising the Court that defendant Lucille Iacovelli has died. This Verified Petition addresses recoverable damages, fees and expenses as contemplated in the Summary Judgment Entry.

1. With respect to compensatory damages on all counts, Dr. Eppley relies on the evidence already of record in this case. Specifically, Dr. Eppley testified that he has incurred $2,000 to $3,000 per month of additional expenses, beyond the baseline level he would otherwise incur to maintain a website and for ordinary marketing, in order to attempt to counteract the adverse internet publicity generated by Ms. Iacovelli and her associates. See

7/1/09 Tr. at 11-12; 8/17/10 Entry (Docket No. 205) at 3-4, Undisputed Material Fact 5. He further testified that he loses about one to two patients monthly as a result of the false and misleading publications by Ms. Iacovelli and her associates on the internet. See 4/17/09 Tr. at 20-21; 8/17/10 Entry (Docket No. 205) at 3-4, Undisputed Material Fact 5. He estimated that, over the years, he has lost hundreds of thousands of dollars as a result of the tortious misconduct found by the Court. Id.

2. In addition, substantial damages are appropriately awarded for per se defamation, especially in a case such as this where the defendant targeted Dr. Eppley's business and engaged in a deliberate effort to dissuade potential patients from utilizing his services by publicizing defamatory falsehoods regarding his fitness as a physician and his competence as a surgeon. See Glasscock v. Corliss, 823 N.E.2d 748, 757-58 (Ind. App.), transfer denied, 841 N.E.2d 183 (Ind. 2005) (affirming award of $100,000 as presumed damages for per se defamation).

3. On that basis, Dr. Eppley respectfully requests an award of $25,000 in compensatory damages. That sum is reasonable and modest as an award of presumed damages for the defamation per se, where the false publications were deliberately aimed at inflicting financial damaged to Dr. Eppley's medical practice. The requested award, furthermore, represents a conservative estimate of about one year of the additional expenses that Dr. Eppley incurred in his efforts to combat the internet smear campaign. Finally, an award of $25,000 would reflect a fraction of the hundreds of thousands in lost revenues he testified he suffered by losing one or two patients a month attributable directly to the defendant's internet publications. Although a substantially greater sum could be requested and would be supported by this record, the award sought in this Verified Petition for compensatory damages is regarded by Dr. Eppley as sufficient in these circumstances, in recognition of the substantial relief already achieved

2

through this litigation in removing the defamatory publications from the internet and in light of the limited assets that are expected to be available to pay substantial damages.

4. In addition to the award of compensatory damages, Dr. Eppley requests that the Court confirm the computation of compensatory sanctions already awarded by the Court as a result of Ms. Iacovelli's contempt. In the December 2, 2009 Contempt Entry (Docket No. 115), the Court order Ms. Iacovelli to pay compensatory sanctions to Dr. Eppley in the amount of $50 per calendar day, commencing July 1, 2009. Id. at 4-5. In the February 5, 2010 Entry (Docket No. 146), the Court found continuing contempt and increased the amount of compensatory sanctions to $75 per day, effective February 5, 2010. Id. at 5. The Court then abated the sanctions effective March 1, 2010, in light of the successful efforts to remove the offending postings from the internet. See March 24, 2010 Entry (Docket No. 174).

5. None of the compensatory sanctions ordered by the Court have been paid by or for Ms. Iacovelli to Dr. Eppley.

6. As noted in the initial Contempt Entry (Docket No. 115) at 5, the amount of the compensatory sanctions as of December 2, 2009 was $7,750. From that date to February 4, 2010, sixty-four additional days passed with a daily amount of $50, for an added total of $3,200. From February 5, 2010 to February 28, 2010, twenty-four further days passed at $75 per day, for an additional total of $1,800. The total incurred for compensatory sanctions, accordingly, is $7,750 plus $3,200 plus $1,800, or $12,750 in all. Dr. Eppley requests, therefore, that the final judgment in this case confirm that, for the time period from July 1, 2009 through February 28, 2010, Ms. Iacovelli failed to pay $12,750 in compensatory sanctions owed to Dr. Eppley.

7. The Summary Judgment Entry (Docket No. 205), at 8-9, found this case to be "exceptional" within the meaning of 15 U.S.C. §1117, and thus provided Dr. Eppley the

opportunity to seek an award of reasonable attorney fees associated with the Lanham Act claims. This Verified Petition therefore provides substantiating records in support of a request for reasonable attorney fees and litigation expenses in the amount of $16,725.

8. In approaching the computation of the requested fee award, the same factors reflected in the conservative estimate of compensatory damages have a bearing in this context. In particular, substantial relief has already been achieved in abating the defamatory internet publications through enforcement of the preliminary injunction and contempt orders issued by the Court, and that relief is expected to be secured going forward with the issuance of a permanent injunction. In addition, based on Ms. Iacovelli's prior pleadings including in forma pauperis motions, there is good reason to expect limited assets to be available to satisfy any substantial award. The fee request, accordingly, is limited to a portion of the total amount that could be claimed in this case.

9. Attached hereto as Exhibit A is a document that reflects selected extracts from the contemporaneous time records maintained by Lewis & Kappes in connection with the legal services performed in this litigation. In selecting specific time entries to present in Exhibit A, the undersigned counsel included entries relating only to the following: (a) legal research involving Lanham Act issues; (2) preparation of pleadings and briefs that directly addressed the Lanham Act claims (specifically, the Verified Complaint and the summary judgment submissions); and (3) preparation for and attendance at hearings in which evidence relevant to the Lanham Act claims was presented (specifically the hearings relating to the Temporary Restraining Order, the Preliminary Injunction and the initial finding of Contempt). Time entries relating to other aspects of the case – including specifically internet searches and related efforts to find and catalog the mass of websites and postings at issue, submissions relating to sanctions for

contempt, and efforts to enforce the preliminary injunction and contempt orders – were not included in Exhibit A. Those additional services were related to the relief sought in the Lanham Act claim and could reasonably be included in a requested award, but were excluded for the reasons explained above in order to limit the amount sought and to ensure the proposed award would be reasonable, conservative and not subject to any legitimate challenge.

10. Attached hereto as Exhibit B is a document reflecting selected extracts from the contemporaneously maintained expense records maintained by Lewis & Kappes in connection with this litigation. The undersigned counsel selected only those expenses relating to legal research that included Lanham Act issues, transcription charges for hearings in which evidence bearing on the Lanham Act claim was presented, and photocopying, document preparation, postage and related service costs associated with the Verified Complaint, the TRO and preliminary injunction hearings, the initial contempt hearing and the summary judgment submissions. Consistent with the selection of time entries as described above, expenses associated with other aspects of the case – in particular in finding and cataloging all of the websites and postings at issue, making submissions relating to contempt sanctions, and enforcing the Court's orders through communications with internet service providers – were not included in Exhibit B. For the same reasons explained in connection with the time entries, recovery of such additional expenses could properly be sought, but those amounts are not included in the computation of the requested award here.

11. Lewis & Kappes's existing hourly rates for professional services are $350 for the undersigned lead counsel, $225 for associate counsel and $150 for the summer clerk. Those are actual rates charged by Lewis & Kappes for services performed by the relevant attorneys, are rates utilized in connection with the services provided to Dr. Eppley in this case, and are believed

5

by counsel to be consistent with market rates for comparable services by professionals of similar experience and ability in the Indianapolis legal market. In addition, law firms in Indianapolis regularly and routinely charge for expenses such as those sought to be recovered in the requested award here, and in counsel's view and experience the expenses here are reasonable in amount and were reasonably incurred in the representation of Dr. Eppley's interests. The time entries set forth in Exhibit A, furthermore, are believed by counsel to reflect time reasonably spent in connection with this litigation and to be reasonable in magnitude in light of the relief sought and the issues presented.

12. The total fees reflected in Exhibit A include 75.1 hours for lead counsel time at $350 per hour, or $26,285, plus 39.8 for associate counsel time at $225 per hour, or $8,955, plus 13.0 hours for summer clerk time at $150 per hour, or $1,950, for a total of $37,190. The total amount of expenses reflected in Exhibit B is $12,986. The sum of those fees and expenses, therefore, is $50,176. Although a fee award in that full amount would be reasonable in the context of this litigation, Dr. Eppley proposes a further reduction in recognition of the presence of other issues in the litigation besides the Lanham Act claim. In the opinion of the undersigned counsel, the Lanham Act issues were substantial in relation to the other claims presented, and represented at least one third of the effort and attention reflected in the filings and hearings in question. As a further measure to ensure the requested award is reasonable, conservative and not subject to legitimate challenge, and in light of the considerations noted above, Dr. Eppley proposes an award of fees and expenses amounting only to one third of the $50,176 total, or $16,725.

WHEREFORE, Dr. Eppley respectfully requests an award of compensatory damages in the amount of $25,000, confirmation of the additional compensatory sanctions already due and owing in the amount of $12,750, an award of reasonable attorney fees and litigation expenses in the amount of $16,725, and such other or additional relief as the Court may deem to be appropriate for inclusion in the final disposition of this action.

Respectfully submitted,

**LEWIS & KAPPES, P.C.**

*/s/ Todd A. Richardson*
Todd A. Richardson (16620-49)
Counsel for Plaintiff, Dr. Barry Eppley, MD, DMD

## Verification

The undersigned hereby verifies under the pains and penalties of perjury that the foregoing factual representations are true and correct.

*/s/ Todd A. Richardson*
Todd A. Richardson (16620-49)
Counsel for Plaintiff, Dr. Barry Eppley, MD, DMD

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2010 the foregoing was filed electronically, and notice and service were sent to the following parties via United States Mail, postage prepaid on:

>Estate of Lucille Iacovelli
>3 Deer Hollow Road
>Forestdale, MA 02644-1714

and by process server on:

>Arlene Mulley
>185 Maple Street
>Douglas, MA 01516

>_____
>Todd A. Richardson (16620-49)
>Counsel for Plaintiff, Dr. Barry Eppley, MD, DMD

**LEWIS & KAPPES, P.C.**
One American Square, Suite 2500
Indianapolis, Indiana 46282
(317) 639-1210 (tel), (317) 639-4882 (fax)
trichardson@lewis-kappes.com

8