UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DR. BARRY EPPLEY, MD, DMD,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　vs.　　　　　　　　　　　　　　)　　No. 1:09-cv-386-SEB-MJD
　　　　　　　　　　　　　　　　　)
ARLENE MULLEY, in her capacity as　)
successor to Lucille Iacovelli,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

**Entry Discussing Relief Sought by
Richard Bergeron in Motion Filed on December 13, 2010**

"[A] party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005), citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993)(internal quotations omitted).

Although not a party, Richard Bergeron has enmeshed himself in this action by repeatedly violating provisions of the preliminary injunction. The relief sought in his motion filed on December 13, 2010, in the form of a 90-day continuance, is entirely inconsistent with the above principle and is entirely unwarranted under the circumstances of this case.

In another portion of that same motion, Mr. Bergeron seeks to have himself substituted as the real party in interest pursuant to Rule 25(a)(1) of the *Federal Rules of Civil Procedure.* This request follows the death in August 2010, of defendant Lucille Iacovelli and the substitution on November 16, 2010, of Arlene Mulley, Iacovelli's sister, as the real party in interest. In addition, the record shows that shortly after this action was filed Mr. Bergeron filed a motion to intervene. That motion was denied. The present motion is a thinly disguised, renewed attempt by Mr. Bergeron to intervene in this litigation.

Mr. Bergeron's attempted intervention was not timely. Further, his intervention is not necessary in order for his interests to be protected. Mr. Bergeron's conduct through-out the course of this action demonstrates his clear unsuitability to take on any official responsibility. Mr. Bergeron's bid for substitution is based on his own self interests, not anyone else's. He need not intervene here in order to protect some unspecified interest on his part in the opening of an estate in Massachusetts, the state of Ms. Iocavelli's demise. Insofar as Mr. Bergeron's seeks reconsideration of our Order substituting Arlene Mulley as the real party in interest, he has failed to establish or even hint at any circumstances supporting

such action. *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006)("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

On the basis of the foregoing, therefore, and having recognized and discussed each aspect of the matter, Mr. Bergeron's motion [243] is **denied.**

**IT IS SO ORDERED.**

Date: 02/04/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Arlene Mulley
c/o Peter Aspesi
P.O. Box 532
Yarmouthport, MA 02675

Rich Bergeron
141 Green Street
Abington, MA 02351