**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-386-SEB-MJD |
| ) | |
| ARLENE MULLEY, in her capacity as ) | |
| successor to Lucille Iacovelli, ) | |
| ) | |
| Defendant. ) | |

**Final Judgment and Permanent Injunction**

The court, having this day made its Entry,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that judgment is entered for the plaintiff and against the defendant in the following respects:

1. The Plaintiff shall recover from the Defendant for the defamation, trade disparagement, harassment, false-light publicity and violations of § 43 of the Lanham Act, 15 U.S.C. § 1125, through false designation and description of fact the sum of Twenty-Five Thousand Dollars ($25,000.00); and

2. The Plaintiff shall recover his costs in this action and shall also recover from the Defendant the sum of $16,725. in attorney fees.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the following **permanent injunction** shall issue, effective immediately:

**I.**

1. All postings on the internet, made by the Defendant, her agents, those in active concert and participation with her, and those who offered their services to Lucille Iacovelli for the purposes of publicity, intimidation, and/or harassment, at any website controlled or operated by the Defendant, her agents, those in active concert and participation with her, or those who offered their services to Lucille Iacovelli for the purposes of publicity, intimidation, and/or harassment, which were made subsequent to the initiation of this action of March 30, 2009, and which refer to:

a. the Plaintiff, Dr. Barry Eppley, MD, DMD;

b. the Plaintiff's attorneys, either by specific name or by reference to the law firm of Lewis & Kappes, P.C., in ways that touch on or otherwise reflect the issues in this litigation; or

c. the judicial officers assigned to this action in ways that touch on or otherwise reflect the issues in this litigation,

shall be removed immediately; and

d. the Defendant shall likewise cease in all manner the issuance and/or distribution of emails and similar communications, whether by her or others, which convey or tend to convey or contain any communication, statement or content as described above.

2. The Defendant and all those who offered their services to Lucille Iacovelli as described herein--for the purposes of publicity, intimidation, and/or harassment--are directed to clearly and explicitly request, direct, instruct, and take all actions within their power in an effort to cause their agents, those in active concert and participation with them to:

a. remove all postings identified above in Paragraph 1 above;

b. cease making any further postings within the scope of Paragraph 1 above;

c. remove any websites created after the initiation of this litigation within the scope of Paragraph 1 above and additional websites or domain names which use the Plaintiff's registered and protected name, or any part thereof, the names of Plaintiff's attorneys and Plaintiff's counsel's law firm, or any of the judicial officers assigned to this case, also within the scope of Paragraph 1 above; and

d. refrain from making further postings on any existing or new website to the matters identified in Paragraph 1 above.

3. The Defendant, her agents, those in active concert and participation with her, and those who offered their services to Lucille Iacovelli as described herein--for the purposes of publicity, intimidation, and/or harassment–shall refrain from registering, establishing, or otherwise creating any new and additional websites, domain names, links, tags, or other devices which use the Plaintiff's registered and protected name, or any part thereof, as part of any effort to imitate the Plaintiff, redirect internet traffic from the Plaintiff's own websites, or otherwise drive internet traffic away from the Plaintiff's;

4. The Defendant, her agents, those in active concert and participation with her, and those who offered their services to Lucille Iacovelli as described herein--for the purposes of publicity, intimidation, and/or harassment--are restrained from issuing and/or

distributing emails and similar communications, regardless of their origin, which convey or contain any communication, statement or content disparaging the Plaintiff's name, his business or his reputation associated with the claims asserted in this lawsuit;

5. The Defendant, her agents, those in active concert and participation with her, and those who offered their services to Lucille Iacovelli as described herein--for the purposes of publicity, intimidation, and/or harassment--are restrained from requesting, directing, instructing, or otherwise attempting to cause any other individual or third-party to perform any acts which they themselves are otherwise prohibited from taking by this Order.

**II.**

The steps required above include contacting the operators of interactive computer services that operate, host, or otherwise control these websites, informing them of this order, and directing them to forthwith remove the websites, postings, or links. All such providers of services are **Ordered** pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to remove such websites, postings, or links upon being notified of this Order and being requested to do so.

**III.**

The court expressly retains jurisdiction over this matter for the purpose of making any further orders necessary or proper to effectuate the purpose of the Injunction, to enforce the Injunction as provided by law, and to punish violations of the Injunction through its contempt powers. This Injunction shall bind the parties, their successors in interest, and all those whose conduct is enjoined herein.

Date: 03/30/2011

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
gprice@lewis-kappes.com

Todd Arthur Richardson
trichardson@lewis-kappes.com

Joseph Peter Rompala
jrompala@lewis-kappes.com

Rich Bergeron
107 Cotton Hill Road
Belmont, NH 03220

Arlene Mulley
c/o Peter Aspesi
P.O. Box 532
Yarmouthport, MA   02675