# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:09-cv-386-SEB-MJD ) |
| ARLENE MULLEY, in her capacity as successor to Lucille Iacovelli, | ) ) ) |
| Defendant. | ) ) |

**Entry and Notice**

**I.**

Richard Bergeron, a non-party, has filed a notice of appeal and related documents pertaining to the final judgment entered on the clerk's docket on March 31, 2011. Those documents have been processed and the appeal has been docketed in the Court of Appeals as No. 11-2003. A copy of those documents was also sent by Mr. Bergeron to the undersigned at a non court address. This Entry addresses that error.

**II.**

Mr. Bergeron's continued efforts to present papers to the court or its staff in an unauthorized and, indeed, prohibited manner in this lawsuit have previously been addressed in our rulings. The principal such ruling was issued on March 12, 2010, wherein the court: (1) noted the problem, (2) highlighted for Mr. Bergeron (and the parties) the proper filing procedures under Rule 5(e) of the *Federal Rules of Civil Procedure* and Local Rule 5.1, (3) notified Mr. Bergeron that, although not a party, he "is likewise bound by these directions and the cited rules," (4) announced that any communication or attempted communication not in conformity with the above directions would not be filed with the clerk or otherwise considered by the Court and would, to the extent feasible, be returned to the sender(s), (5) found that efforts to circumvent the filing rules "have been persistent, egregious, and disruptive to the proper administration of this litigation," (6) instructed that "[t]he parties, their counsel, and others, including Mr. Bergeron, and those acting on their behalf, shall **not** attempt to contact members of the Court's staff or that of the Clerk by email or by fax, and shall confine their actions in filing or tendering materials for filing to the directions heretofore issued and those reviewed and repeated in Part I of this Entry," and

(7) informed Mr. Bergeron (and the parties) that "[a]ny violation of the foregoing will constitute contempt of court and will be dealt with accordingly."

Consistent with the foregoing, the previously-referenced recent mailing of materials sent to a non court authorized location, to wit, a residential address, shall be returned to Mr. Bergeron with a copy of this Entry and a copy of the Entry issued on March 12, 2010.

Mr. Bergeron and anyone acting on his behalf are admonished once again not to repeat this improper method of delivery of case-related documents.

### III.

Further, inclusion of the residential address alluded to in Part I of this Entry in the certificate of service on the notice of appeal and related documents is also improper and specifically unauthorized. To remedy this error, the clerk shall (1) **seal the documents docketed at 257-262,** (2) **redact the residential address** used in these documents located at:

| | |
|---|---|
| page 3 | [257] |
| page 10 | [258] |
| page 3 | [259] |
| page 3 | [260] |
| pages 8 and 28 | [261] |
| pages 3 and 15 | [262] |

and (3) **redocket the redacted documents.** Henceforth, access to the sealed documents is *restricted to court personnel only.* The parties, their representatives and all persons with access to the above materials or having knowledge of the residential address referred to therein, are **prohibited** from utilizing that information in any manner in this litigation or otherwise.

### IV.

The clerk shall **supplement the record on appeal** in No. 11-2003 in conformity with this Entry.

## V.

Acts of contempt may be punished by fine or imprisonment, based on "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Accordingly, Mr. Bergeron is directed to **show cause** within 21 days from the date of this Order by a filing made only to the Clerk of the District Court for the Southern District of Indiana for inclusion in the above referenced cause of action why sanctions should not be imposed against him for his continued violation of the Court's orders. Failure to respond within the specified period of time may result in the Court's *sua sponte* imposition of an appropriate sanction.

**IT IS SO ORDERED.**

Date: 05/05/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Arlene Mulley
c/o Peter Aspesi
P.O. Box 532
Yarmouthport, MA 02675

Rich Bergeron
P.O. Box 5212
Weirs Beach, NH 03247